```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
VICTOR HERNANDEZ,                            :
                                             :
                        Plaintiff,           :
                                             :                 15 Civ. 4003 (LGS)
               -against-                     :
                                             :                 ORDER AND OPINION
DR. LUCIA VIOCULESCU,                        :
                                             :
                        Defendant.           :
-------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/6/2016

LORNA G. SCHOFIELD, District Judge:

Pro se Plaintiff Victor Hernandez brings suit against Defendant Dr. Lucia Vioculescu pursuant to 42 U.S.C. § 1983, alleging that Defendant acted with deliberate indifference to Plaintiff's serious medical needs in violation of his Eighth Amendment rights. Defendant moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons below, the motion is granted.

I.   BACKGROUND

The facts are taken from Plaintiff's Amended Complaint and are construed in the light most favorable to Plaintiff, as required on a motion to dismiss. *See Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015).

Plaintiff suffers from back pain due to scoliosis, neuropathy, herniated disc and degenerative spine disorder. At all times relevant to this dispute, Plaintiff was a pretrial detainee of the City of New York in the custody of the New York City Department of Corrections.

On at least two occasions during 2014 and 2015, Plaintiff was treated at Bellevue Hospital by Defendant, a pain management specialist. When Plaintiff asked Defendant to help him with his pain, Defendant replied, "I am not telling or discussing with you what is my

medical recommendation.  When you get to Rikers Island you will find out." Defendant also wrote in Plaintiff's medical records "on several occasions" that Plaintiff was a cocaine addict and that medical staff should stop giving him opiate analgesics.  As a result, Plaintiff did not receive any type of pain medication -- "not even [T]ylenol" -- for several months.  The lack of pain medication stopped Plaintiff from walking long distances, eating normally and writing, and made Plaintiff feel depressed.

Defendant filed the instant motion to dismiss on June 10, 2016.  After receiving an extension, Plaintiff was to submit a response by August 7, 2016.  Plaintiff did not timely submit a response and instead sent a letter indicating that he had recently been released from the segregated housing unit at one correctional facility and transferred to a different correctional facility.  On August 30, 2016, the Court held a conference during which Plaintiff had an opportunity to explain orally his reasons for opposing Defendant's motion.

## II. LEGAL STANDARD

"On a motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor."  *Littlejohn*, 795 F.3d at 306.  "In determining the adequacy of the complaint, the court may consider any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as documents upon which the complaint relies and which are integral to the complaint."  *Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005) (citation omitted); *see also Beauvoir v. Israel*, 794 F.3d 244, 248 n.4 (2d Cir. 2015).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* While "'detailed factual allegations'" are not necessary, the pleading must be supported by more than mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

In construing complaints by plaintiffs proceeding pro se, the Court "appl[ies] a more flexible standard to evaluate their sufficiency than [it] would when reviewing a complaint submitted by counsel." *Lerman v. Bd. of Elections in City of N.Y.*, 232 F.3d 135, 139–40 (2d Cir. 2000); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). Thus, the Court is obligated to construe pro se pleadings with "'special solicitude,' interpreting the complaint to raise the 'strongest [claims] that [it] suggest[s].'" *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (alterations in original) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006)).

## III.   DISCUSSION

The Amended Complaint does not state a § 1983 claim for deliberate indifference to serious medical needs because the alleged facts do not support a conclusion that Defendant acted with the requisite culpable state of mind.

As an initial matter, Plaintiff's claim arises under the Fourteenth Amendment -- rather than under the Eighth Amendment, as the Amended Complaint alleges -- because it concerns his pretrial detainment. *See Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009). "However, this distinction is not material because '[c]laims for deliberate indifference . . . should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth

Amendment.'"  *Nielsen v. Rabin*, 746 F.3d 58, 63 n.3 (2d Cir. 2014) (quoting *Caiozzo*, 581 F.3d at 72).

To prove deliberate indifference to serious medical needs under 42 U.S.C. § 1983, a plaintiff must satisfy a two-prong test, one prong being objective and the other subjective. *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006).

The objective prong requires the plaintiff to demonstrate that the alleged deprivation of medical care was "sufficiently serious."  *Id.* at 279 (internal quotation marks omitted).  A deprivation is sufficiently serious where "a condition of urgency, one that may produce death, degeneration, or extreme pain exists."  *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted).  Two inquiries determine whether a deprivation is sufficiently serious -- first, whether the prisoner was actually deprived of adequate medical care; and second, whether the inadequacy in medical care is sufficiently serious, specifically examining "how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner."  *Salahuddin*, 467 F.3d at 279–80.

The subjective prong requires the plaintiff to demonstrate that the prison official acted with a "sufficiently culpable state of mind."  *Id.*  Specifically, a plaintiff must prove that the official acted with "deliberate indifference," which is a state of mind "equivalent to subjective recklessness."  *Id.*  "This mental state requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result."  *Id.*  "[N]egligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim."  *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

The Amended Complaint does not allege facts showing, under the subjective prong, that Defendant acted with deliberate indifference.  The Amended Complaint alleges that Defendant

wrongly concluded that Plaintiff was addicted to cocaine and instructed medical staff to "stop giving [him] Opiate Analgesics."  The Amended Complaint does not allege any facts to show that Defendant's state of mind met the standard of subjective recklessness.  *See Chance*, 143 F.3d at 703; *Joyner v. Greiner*, 195 F. Supp. 2d 500, 504–05 (S.D.N.Y. 2002) ("[A] difference of opinion between a prisoner and prison officials regarding medical treatment does not, as a matter of law, constitute deliberate indifference.  Nor does the fact that an inmate might prefer an alternative treatment, or feels that he did not get the level of medical attention he preferred.").  It does not allege any facts to show that Defendant knew that her instruction to stop administering opiate analgesics would cause the medical staff to stop administering pain medication altogether.  *See Salahuddin*, 467 F.3d at 280 (deliberate indifference requires actual knowledge of a substantial risk of harm).

Because the Amended Complaint does not satisfy the subjective prong of a deliberate indifference claim under § 1983, and without addressing the objective requirement, the Amended Complaint fails to state a claim.

**IV.   CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED.  The Clerk of Court is directed to close the motion at Docket No. 63 and close the case.

SO ORDERED.

Dated:  December 6, 2016
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**